## LYMAN v. HILLIARD.

(Circuit Court of Appeals, Second Circuit. April 30, 1907.)

No. 185.

1. COURTS—FEDERAL COURTS—STATE DECISIONS.

> The decisions of the highest courts of the state interpreting a state statute, if uniform and consistent, are controlling on the federal courts; but not so as to state decisions not in construction of the particular statute in controversy.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 956, 957.

> Conclusiveness of judgment between federal and state courts, see note to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. CORPORATIONS—DIRECTORS—STATUTORY LIABILITY—ENFORCEMENT.

> A Vermont statute provides that no debts shall be contracted by a corporation exceeding in amount two-thirds of the capital stock actually paid in, and that a director, assenting to the creation of an indebtedness exceeding such amount, becomes personally liable for the excess. *Held*, that the liability so imposed was for the benefit of all of the creditors of the corporation, and was therefore enforceable only by a proceeding in equity.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1492, 1493.

> Liabilities of corporate officers for debts and acts of corporation as dependent on knowledge or participation, see note to Folwell v. Miller, 75 C. C. A. 492.]

In Error to the Circuit Court of the United States for the District of Vermont.

See 138 Fed. 469.

Max L. Powell, for plaintiff in error.

E. H. Deavitt, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. The defendant was a director of the Burlington Shoe Company, a Vermont corporation, and the action was brought by a creditor to recover a debt of the corporation in excess of two-thirds of the amount of the paid-up capital stock of the corporation, under a statute of that state which reads as follows:

> "No debts shall be contracted by a corporation exceeding in amount two-thirds of the capital stock actually paid in; and a director assenting to the creation of an indebtedness exceeding such an amount becomes personally liable for the excess."

The more important question, raised by the assignments of error and discussed at the bar, is whether the cause of action is cognizable at law or in equity. The same question has arisen in many cases where statutes more or less similar have been considered by the courts. The answer to it depends upon the construction which belongs to the particular statute under consideration. If the statute creates a liability in favor of the creditors of the corporation severally, if the liability of the directors is several and irrespective of the insolvency of

the corporation, if the extent of the liability is an exact sum, or ascertainable without resort to an accounting, and is independent of the extent of the liability of the other creditors, it is one enforceable by a suit at law, because it is essentially of a common-law nature, and not of a character which can only be conveniently and justly ascertained and enforced by a court of equity. If, however, it creates a liability to the creditors jointly, or to the corporation, and the liability of the directors is joint, the cause of action is of equitable cognizance, because it contemplates the creation of a fund for the benefit of all, to which those liable are to contribute only in the just proportion of loss which each should bear, and the ascertainment of this amount is peculiarly the province of a court of equity. Several decisions of the courts of Vermont have been cited by counsel as bearing upon the question whether the remedy upon this statute is at law or in equity. None of them are in construction of the particular statute. In the interpretation of state statutes the decision of the highest courts of the state, if they are uniform and consistent, are controlling upon the federal courts, and dominate the construction to be given such statutes by the federal courts. But when such decisions are not in construction of the particular statute, although they are entitled to high respect as authorities, they are not controlling upon the federal courts. The Vermont decisions which have been cited are of this class.

It will be observed that the present statute does not in terms declare whether the assenting director is to be liable for the excess indebtedness to all the creditors, nor whether he is to be liable to the corporation. It seems to contemplate that he shall be liable for the whole excess, and if this is the meaning it cannot contemplate that he shall be liable to creditors severally for their respective debts, to the extent of the excess.

There are two decisions controlling upon this court which are so closely in point that we must regard them as decisive of the present question.

In Hornor v. Henning, 93 U. S. 228, 23 L. Ed. 879, the statutory provision was that:

"If the indebtedness of any corporation originating under this act shall at any time exceed the amount of its capital stock, the trustees of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of the corporation."

The court held that this liability constituted a fund for the benefit of all the creditors, so far as the condition of the corporation rendered a resort to it necessary; that the liability should not be so construed that any one creditor could appropriate the whole or any part of it to his own benefit, to the possible exclusion of some or all of the other creditors; and that the remedy was appropriate to a court of equity, and could not be enforced at law.

In Stone v. Chisholm, 113 U. S. 302, 5 Sup. Ct. 497, 28 L. Ed. 991, the statute was as follows:

"The total amount of debts which such corporation shall at any time owe shall not exceed the amount of its capital stock actually paid in; and, in case of such excess. the directors in whose administration it shall happen shall be personally liable for the same, both to the contractor or contractors, and to the corporation."

The court construed this statute as follows:

"The conditions of the personal liability of the directors of the corporation, expressed in the statute, are that there shall be debts of the corporation in excess of the capital stock actually paid in, to which the directors sought to be charged shall have assented, and this liability is for the entire excess, both to the creditors and to the corporation."

It was held that the remedy was in equity, and not at law; the court saying:

"To ascertain the existence of the liability in a given case requires an accounting to be taken of the amount of the incorporate indebtedness, and of the amount of the capital stock actually paid in—facts the directors, upon whom the liability is imposed, have a right to have determined, once for all, in a proceeding which shall conclude all who have an adverse interest and a right to participate in the benefit to result from enforcing the liability. Otherwise the facts which constitute the basis of the liability might be determined individually by juries in several actions, by which some creditors might obtain satisfaction and others be defeated. The case cannot be distinguished from Hornor v. Henning, the reasoning and the result in which we reaffirm."

In view of these adjudications, it will serve no useful purpose to refer to many decisions of state courts to the same effect, when construing statutes substantially identical to the present, as, for instance, those of the courts of Illinois, which are referred to and followed in Rice v. Libbey (C. C.) 85 Fed. 821.

Concluding, as we must, that the assignments of error based upon the objections to the jurisdiction were well taken, it is unnecessary to consider any of the other assignments of error.

The judgment is accordingly reversed.