JOHN G. SLATER *et al.* Appellees, *vs.* JOHN A. TAYLOR *et al.* Appellants.

*Opinion filed June 16, 1909—Rehearing denied October 13, 1909.*

1. CORPORATIONS—*statutory liability of directors is for indebtedness in excess of amount of capital stock.* Under section 16 of the act concerning corporations the liability of directors and officers is for indebtedness in excess of the *amount* of the capital stock, and not for indebtedness in excess of the *value* of the capital stock or the assets of the corporation.

2. SAME—*directors may incur indebtedness to amount of capital stock without assuming personal liability.* The *amount* of capital stock of a corporation is the amount contributed by the shareholders for the prosecution of the business, and the officers and directors may incur indebtedness equal to that amount without assuming personal liability.

3. SAME—*section 16 of the Corporations act takes no account of the property of corporation.* For the purpose of valuation under the Revenue act the term "capital stock" includes the assets of the corporation, and the value of the capital stock depends upon the assets and property of the corporation and their amount; but section 16 of the Corporations act takes no account of the property of the corporation, and having fixed the "amount" of the capital stock as the point where officers and directors must assume per-

sonal liability, it makes no difference, as to such liability, what the assets are when the excessive debt is created.

4. SAME—*personal liability of directors and officers is that of a surety.* The statutory liability of directors and officers of a corporation, under section 16 of the Corporations act, is that of a surety, and if the excessive indebtedness is paid out of the assets of the corporation the officers and directors are exonerated.

5. SAME—*directors and officers are liable if they assent to creation of excessive indebtedness.* While directors and officers of a corporation will not be personally liable under section 16 of the Corporations act by merely recognizing the existence of an excessive debt after it was created, yet if they assent to the creation of an indebtedness which necessarily and to their knowledge, as the governing body, will exceed the amount of the capital stock, they are liable, as sureties, for the excess.

6. SAME—*when manager of a corporation may recover against officers and directors.* The fact that the manager of a grain elevator corporation participated, by buying grain, in creating a debt in excess of the amount of the capital stock does not preclude him from enforcing the personal liability of the officers and directors, the same as any other creditor, to recover the commissions and expenditures to which he is entitled under the contract of his employment by the directors and for which it is not denied that the corporation is liable.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

LEFORGEE & VAIL, for appellants:

If the indebtedness of a stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation. Rev. Stat. chap. 32, sec. 16.

This statute, although it is not penal, should be strictly construed. *Woolverton* v. *Taylor,* 132 Ill. 206; *Lewis* v. *Montgomery,* 145 id. 30.

This statute does not prohibit excess of indebtedness, but it makes the directors secondarily liable, as sureties, for

the amount of the excess. *Horner* v. *Henning,* 93 U. S.
228; *Woolverton* v. *Taylor,* 132 Ill. 210; *Rice Co.* v. *Libbey,* 85 Fed. Rep. 821.

To become liable, directors must actually create or assent to the creation of the indebtedness. *Lewis* v. *Montgomery,* 145 Ill. 30.

The recognition of an indebtedness by the directors, after its creation, will not make them personally liable. *Lewis* v. *Montgomery,* 145 Ill. 30; *Sullivan* v. *Sullivan Manf. Co.* 24 S. C. 341; *Bank* v. *Paige's Exrs.* 53 Vt. 452.

The creation of the debt by an agent of the corporation appointed by the directors will not make them personally liable, because he is the agent of the corporation and not of the directors. *Lewis* v. *Montgomery,* 145 Ill. 30.

Directors are liable for the amount of excess, but not to particular creditors. The liability constitutes a fund for the benefit of all creditors. *Horner* v. *Henning,* 93 U. S. 228; *Low* v. *Buchanan,* 94 Ill. 76.

In calculating the indebtedness the liability of the company to its stockholders is not considered. Thompson on Corporations, par. 4264.

The liability arises only after the corporate assets are exhausted. *Rice Co.* v. *Libbey,* 85 Fed. Rep. 821.

If the corporation is not liable the directors are not liable. Thompson on Corporations, (2d ed.) sec. 1374.

Since the complainants are only creditors and the statute is not penal, the complainants may waive or be estopped to enforce the liability of directors, and to recover they must come into court with clean hands and may not recover if their conduct is tainted with fraud. If any one of complainants does not come into court with clean hands the suit must fail as to all. 19 Cent. Dig. sec. 266.

The law has absolutely inhibited an agent or trustee from placing himself in a position where his own private interests would naturally tend to make him neglectful of his obligations to his principal or where his position would

afford him an opportunity to speculate in trust property. *Smythe* v. *Evans,* 209 Ill. 376; *Railroad Co.* v. *Kelly,* 77 id. 426; *Pearson* v. *Railroad Co.* 13 Am. & Eng. Ry. Cas. 102; *Cottom* v. *Holliday,* 59 Ill. 176; *Hughes* v. *Washington,* 72 id. 84.

ECKHART & MOORE, for appellees:

The personal liability imposed by the provisions of the statute, that the officers and directors shall be personally and individually liable for the excess above the capital stock, is secondary, and can be resorted to only after the corporation itself has been exhausted, and can then be enforced only by a suit in equity where all the creditors and the corporation itself are parties or represented, when an accounting can be had and all the facts ascertained and the equities adjusted. *Bank* v. *Dillingham,* 147 N. Y. 603; *Woolverton* v. *Taylor,* 132 Ill. 197; *Sturges* v. *Benton,* 72 Am. Dec. 587.

The statute makes the officers who assent to the increase of the indebtedness of the corporation beyond its capital stock guilty of a violation of its trust, and, so far as this excess is necessary, they are required to make good the debts of their creditors who have suffered by their breach of trust. *Woolverton* v. *Taylor,* 132 Ill. 197; *Margarge & Green Co.* v. *Ziegler,* 9 Pa. St. 442.

Where an officer of the company knows that an act is being done or about to be done, and if, with such knowledge, he neither objects to nor opposes it when his duty requires and when he has an opportunity of doing so, this is "assent," within the meaning of the statute. *Patterson* v. *Stewart,* 41 Minn. 84.

The liability imposed upon directors by section 16 of the Corporations act cannot be waived by agreement. That liability is absolute, and was secured to the creditor bank on the ground of public policy, and the directors cannot get rid of it by any waiver or agreement with the bank's cashier.

*Crane* v. *French,* 38 Miss. 503; *Zachmann* v. *Zachmann,* 201 Ill. 390; *Hand* v. *Cole,* 88 Tenn. 402; *Publishing Co.* v. *Car Wheel Co.* 95 id. 634; *Allison* v. *Coal Co.* 87 id. 62.

A corporate creditor's agreement that stockholders shall not be individually liable on a debt does not relieve directors from their statutory liability. *Swancoat* v. *Remsen,* 78 Fed. Rep. 592.

Section 16 is founded on public policy. Cook on Stockholders, (3d ed.) sec. 214; *Hand* v. *Cole,* 88 Tenn. 402; *Allison* v. *Coal Co.* 87 id. 62; *Publishing Co.* v. *Car Wheel Co.* 95 id. 634.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The purpose of this suit is to recover from the appellants, as directors of the Garrett Grain and Coal Company, a corporation organized in 1902 with a capital stock of $5000 to run a farmers' elevator and buy and sell grain and coal and handle hay and straw, the indebtedness of said corporation in excess of the amount of the capital stock. The corporation became insolvent and went into the hands of a receiver on March 14, 1904. The assets were insufficient to pay the debts, and the bill in this case was filed March 1, 1905, in the circuit court of Douglas county, by the appellees, as partners under the name of "The Citizens' Bank of Garrett," and one of them, Claus D. Greve, in his own right. The appellees filed the bill in their own behalf and in behalf of all other creditors who might become complainants in the suit, and charged appellants with liability under section 16 of the act concerning corporations, (Laws of 1871-72, p. 296,) which is as follows: "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation." The defendants denied that they assented to the indebted-

ness in question or became liable under the statute, and the issues were referred to Guy R. Jones, as special master in chancery. He took and reported the evidence, with his conclusions of fact and law, and the cause was heard upon exceptions to the report. A decree was rendered against the appellants for the excess of the indebtedness over the capital stock, and the Appellate Court for the Third District affirmed the decree except as to some errors and mistakes in amounts. The cause was remanded to the circuit court, with directions to amend and correct the decree to conform to the opinion, and from the judgment of the Appellate Court this appeal was taken.

The capital stock of the corporation was $5c00, and the first act of the directors was to buy an elevator and borrow part of the money to pay for it and also money to buy grain. They hired J. W. Laughlin as manager and agreed to pay him a commission on the amount of grain he should buy. His compensation being determined by the amount he could buy, he was quite active in that direction, and continued to buy grain after the elevator and cribs were full and advanced money on grain to be delivered in the future. The corporation was soon indebted to the First National Bank of Garrett to the amount of $20,000, and that bank demanded new notes endorsed by the directors and a note for an overdraft constituting part of the indebtedness. The directors then transferred their account to the Citizens' Bank of Garrett, owned by the complainants, and notes of the corporation were executed by the president and secretary to the Citizens' Bank under a resolution adopted March 7, 1903, for $19,700, and the proceeds, with a check for $300, were used to discharge the debt to the First National Bank. The corporation continued buying grain, and about two months later the directors hired Claus D. Greve, one of the complainants, who was cashier of the Citizens' Bank, to buy grain on commission. He bought grain, and under his management the amount of indebtedness fluc-

tuated from time to time but it was never extinguished. There was a conflict in the evidence as to the extent of the supervision of the defendants over Greve, but the evidence in the record is sufficient to support the finding of the court that the defendants, as directors, assented to the creation of the indebtedness, and that it was not created by an agent of the corporation without the authority and assent of the defendants. The defendants were the governing body of the corporation and they authorized Laughlin and Greve to buy grain, which necessarily and to their knowledge would, and did, cause the corporation to become indebted in excess of the amount of the capital stock. It is true that the defendants would not be liable under the statute if they merely recognized the existence of the indebtedness after it was created, but the evidence justified the conclusion that they assented to the creation of the indebtedness.

The statutory liability is for indebtedness in excess of the amount of the capital stock, and not for indebtedness in excess of the value of the capital stock or the assets or property of the corporation. The amount of the capital stock is the amount contributed by the shareholders for the prosecution of the business, and the officers and directors may incur indebtedness equal to that amount without assuming personal liability. Capital stock for the purpose of valuation, as the term is used in the Revenue act, includes the assets of the corporation, and the value of the capital stock depends upon the assets and property of the corporation and their amount. This statute takes no account of the property of the corporation, and it makes no difference what the assets are when the excessive debt is created. The statute fixes a point where the directors become liable, and that point is when the indebtedness exceeds the amount of the capital stock. The liability is that of a surety, and if payment is made out of the assets, the officers and directors, who are sureties, are exonerated. (*Woolverton* v. *Taylor,* 132 Ill. 197; *Lewis* v. *Montgomery,* 145 id. 30.) The in-

debtedness of this corporation exceeded the amount of the capital stock, and the defendants became sureties for the excess which the assets were insufficient to pay.

It is urged.that there is no liability to the complainants because the cashier, Claus D. Greve, one of the partners, told the directors if they would transfer the business to his bank he would not require them to endorse the notes of the company and would not hold them personally liable. He did waive the endorsing of the notes by the defendants, but there is no evidence of any agreement concerning the statutory liability.

It is also urged that Greve, who was the manager, ought not to have any part of the fund because he participated in creating the indebtedness. Under the contract with him he was entitled to his commissions and expenditures the same as any other creditor, and we see no reason why he could not recover the same. There is no claim that the corporation was not liable to him, and if the defendants assented to the arrangement the statute made them liable.

The judgment is affirmed.          *Judgment affirmed.*