## BOOMER v. ROWE.

(District Court, D. Montana. August 1, 1917.)

No. 41.

1. CORPORATIONS ⟨key⟩351—DIRECTOR'S LIABILITY—FORM OF REMEDY.

A suit by corporate creditor against a director of a Montana corporation under Rev. Codes Mont. § 3827, based on the directors incurring of debts beyond the prescribed capital stock, is properly brought in equity; for that forum alone furnishes an adequate remedy.

2. CORPORATIONS ⟨key⟩349—DISSOLUTION—RIGHTS OF CREDITORS.

Rev. Codes Mont. § 3827, forbids directors creating debts beyond the prescribed capital stock and declares that for a violation they shall be liable in their individual and private capacity jointly and severally to the corporation and creditors thereof, in the event of its dissolution, to the full amount of the debts contracted, and that no statute of limitations is a bar to any suit therefor. A corporation of which defendant was a director was incorporated in 1910, and the directorate incurred debts in excess of the subscribed capital. All of the corporate property was sold at sheriff's sale in 1914, and the corporation, having no property and being insolvent, transacted no business thereafter. Its last annual report filed in 1916 stated that the corporation had ceased to be a going firm and it ceased to incur voluntary financial obligations. *Held*, that corporate creditors could not, on the theory that the corporation had been dissolved, maintain a suit directly against the directors, for such voluntary cessation of business did not operate as a dissolution of the corporation, entitling creditors to sue, and, as the statute provided no double liability for directors violating its terms and removed the bar of limitations, the director could not be held liable to creditors without possibility of a subsequent liability to the corporation.

In Equity. Suit by Laura A. Boomer against James H. Rowe. Dismissed.

Maury & Wheeler and J. O. Davies, all of Butte, Mont., for plaintiff.

J. B. Roote, J. A. Poore, and Enos E. Alley, all of Butte, Mont., for defendant.

BOURQUIN, District Judge. Plaintiff, creditor of a Montana corporation, for herself and other creditors, sues defendant, director of the corporation, to recover for that as a director he caused the corporation to become indebted in excess of the subscribed stock, contrary to statute. She alleges that for more than two years the corporation has been and now is "insolvent, * * * has entirely ceased to do business," and "it is thereby dissolved." The answer pleads lack of jurisdiction in equity, and that the corporation has not been dissolved.

Section 3837, R. C. Montana, provides, amongst other things, that the directors must not do certain things, "nor must they create debts beyond their subscribed capital stock. * * * For a violation" thereof the directors responsible "are, in their individual and private capacity, jointly and severally liable to the corporation and to the creditors thereof, in the event of its dissolution, to the full amount of

the * * * debt contracted; and no statute of limitations is a bar to any suit" therefor.

[1] The suit is well brought; equity alone furnishing an adequate remedy. Stone v. Chisolm, 113 U. S. 308, 5 Sup. Ct. 497, 28 L. Ed. 991; Lyman v. Hilliard, 154 Fed. 339, 83 C. C. A. 117.

[2] It appears the incorporation is of 1910, for 20 years, for all business purposes. The directors, including defendant, incurred the debt sued for, and in excess of the subscribed capital stock. January 30, 1914, all its property was sold at sheriff's sale. It has no property, is insolvent, and transacts no business. Its last annual report was filed January 20, 1916, from which it appears its officers were the same as the previous year. Defendant is director now and from the beginning, and secretary now and for at least four years. In said report is a recital that the "corporation has ceased to be a going concern and has ceased to voluntarily incur financial obligations because of its insolvency"; the local law providing that thereafter directors "shall not be liable for a failure to file annual reports during such time as the disability of such corporation shall continue." Contending the corporation is dissolved within said section 3837, plaintiff cites McDonnell v. Ins. Co., 85 Ala. 401, 5 South. 120, and other Alabama cases. Done v. Jones, 61 Me. 160; Gibbs v. Davis, 27 Fla. 531, 8 South. 633; Perry v. Turner, 55 Mo. 418, and other Missouri cases; Slee v. Bloom, 19 Johns. (N. Y.) 456, 10 Am. Dec. 273. These are cases wherein statutes imposed upon stockholders a contractual liability to creditors for debts of the corporation dissolved, very different from section 3837, supra, which imposes an obligation upon directors, penal in its nature (see Moss v. Smith, 171 Cal. 777, 155 Pac. 90), in favor (1) of the corporation, (2) of creditors in the event of dissolution.

It is worthy of note that the leading case, Slee v. Bloom, involves a situation wherein the stockholders had acted upon a resolution to refrain from further elections and to abandon the property and corporation. They intended to and did abandon all corporate property and franchise rights. The bill in substance charged all this, and also that the corporation was dissolved, none of which was denied by defendants. America's greatest chancellor, Kent, dismissed the bill for that the corporation was not dissolved within the meaning of the statute. He was reversed by a court composed mainly of lay judges, the senate of New York, possibly more sensitive to the even then rising tide of popular feeling anent corporations. It is submitted that Kent's reasoning and conclusion are the better. And it is noted that the reversal counts much upon mistaken analogy between common law and canon law, so-called corporations sole and more ecclesiastical than lay, and statutory business corporations aggregate, and also proceeds upon failure to distinguish between the condition of the corporation which would authorize the crown in behalf of rights of the government to there create a new corporation, and the condition which would defeat the personal privileges of the members of the corporation. Furthermore, the construction was induced by anxiety to furnish a prompt remedy, where otherwise was none or one that might be defeated by time. Limitations were not barred as in the statute of the instant suit,

and no right of action was given the corporation which might furnish a remedy to creditors, as in the statute here. Ex necessitate, potent there, is absent here.

The great chancellor in his Commentaries recognizes that the doctrine of Slee v. Bloom is more judicial than legislative, and mildly observes that it "is not to be carried beyond the precise facts on which it rested." Its general statements, however, have been seized upon, its limitations ignored, to expand the doctrine so far that now, in assumed application of it to cases involving statutes like Montana's, courts have gone so far as to declare that corporations are dissolved within the intent of the statute "by insolvency or cessation of business." Stoltz v. Scott, 23 Idaho, 104, 129 Pac. 342. The Montana Statute confers the right of action: (1) Upon the corporation for all the excess debt, even though it be not damaged and recovery not necessary for creditors' protection; and (2) upon the creditors for less than the excess debt if sufficient to satisfy their claims, and only upon the happening of a contingency—dissolution of the corporation. The creditors' right arises only when the corporation's expires, viz. when it is so far dissolved that it has no capacity to sue. This corporation has capacity to sue. It might now sue defendant for the excess debt, and recovery would not be barred by recovery in this suit; for the corporation cannot be concluded in the matter of its property or right of action by a suit to which it is not a party. Nor is defendant subject to a double liability. The statute imposes none such. Given by statute, creditors take the right subject to the contingency. Nothing in the statute indicates the Legislature intended dissolution in other than its ordinary sense, the approved usage of the word elsewhere in the Codes, viz. death of the corporation. Failure of election, inactivity or cessation of business "on account of insolvency or for any other reason," are covered by code provisions guarding against dissolution thereby and contemplating future elections, business, solvency.

Other and the usual remedies are available to creditors of inactive and insolvent, but not dissolved corporations, obviating necessity for judicial construction to create a right and remedy where the Legislature has not. See Appleton v. Co., 65 N. J. Eq. 375, 54 Atl. 454. The statute has not been construed by the Supreme Court of this state. If the Legislature had intended a new right and remedy before dissolution in the approved usage of the word, it is believed it would have plainly said so. The statutory right of action is the corporation's, it is not dissolved within the meaning of the statute, plaintiff has not the right herein asserted, and the suit is dismissed.