# McCutcheon-Gerson Service, Defendant in Error, v. The Tire and Replacement Company of North America et al., Plaintiffs in Error.

## Gen. No. 29,076.

1. CORPORATIONS—*conformity of decree to bill to enforce director's statutory liability.* In a suit to enforce the liability of directors for permitting the corporation to contract indebtedness in excess of its capital, as provided for by Cahill's Ill. St. ch. 32, ¶ 23, a decree finding that defendants had permitted the contracting of debts in excess of "the amount of the actual paid in capital" did not go beyond the prayer of the bill which merely recited that defendants permitted debts and liabilities and indebtedness "in excess of the capital of said Company" as the use of the word "capital" must be taken to have been in accordance with the statutory definition.

2. CORPORATIONS—*liability of directors for "permitting" corporation to incur excessive indebtedness.* A finding by the court that the directors of a corporation "permitted" the corporation to incur indebtedness in excess of its capital was sufficient under a statute making directors personally liable for "assenting" to the incurring of such indebtedness.

3. CORPORATIONS—*sufficiency of finding of exhaustion of corporate assets to ground statutory liability of directors and stockholders.* In a suit to enforce a debt of a corporation against directors and stockholders, there was a sufficient finding that the assets of the corporation had been exhausted to authorize enforcement of the liability of stockholders on unpaid subscriptions where a receiver was appointed for the corporation after the bill was filed and the decree finds that the receiver requested and demanded that defendants deliver all the assets to him and that they informed the receiver that there were none and the decree further found that the corporation had ceased to do business.

4. CORPORATIONS—*sufficiency of finding of corporate cessation leaving debts unpaid.* Where a decree found that defendant corporation had allowed the judgment which the bill sought to enforce to remain unpaid more than ten days after demand had been made thereon and also found that the corporation had ceased to do business there was a sufficient finding that the corporation had ceased doing business leaving debts unpaid.

5. CORPORATIONS—*when stockholders sued on unpaid subscription*

*estopped to object that all creditors not brought in.* In a suit by a creditor of an insolvent corporation in which the liability of certain stockholders on unpaid subscriptions to stock was enforced, such stockholders were in no position to object because it does not appear that complainant was the sole creditor of the corporation nor that any effort was made to notify other creditors to come into the proceeding, where the total of such stockholders' unpaid subscriptions amounted to less than complainant's claim.

Error by defendants to the Circuit Court of Cook county; the Hon. GEORGE F. RUSH, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Affirmed. Opinion filed February 11, 1925.

WHITMAN, THOMPSON, TYRELL & CHAMBERS, for plaintiffs in error.

ADOLPH MARKS, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this writ of error, certain stockholders and directors of the defendant company seek to reverse a decree of the circuit court of Cook county, whereby they were required to satisfy a judgment which had been recovered against the corporation by the plaintiff, to the extent of their unpaid stock subscriptions to the capital stock of the defendant company, and further, pay the amount of said judgment, in excess of such stockholder's liabilities, it having been found in the decree that said defendants, as directors, had permitted said corporation to incur indebtedness to such an extent over and above the amount of the capital stock.

In addition to the corporation, The Tire & Replacement Company of North America, the complainant made parties defendant, Harvey Cantor, J. Thomas Cantor, Samuel Simon and Benjamin Friedman. Service was had on all the defendants except Simon. The decree found that the directors of the company were J. Thomas Cantor, Friedman and Simon.

By this decree the circuit court ordered that the plaintiff have judgment against the defendants, J. Thomas Cantor and Benjamin Friedman, for the amount of their claim, $2,161.20, the decree reciting that said sum was "the amount for which said directors permitted the said Tire & Replacement Company of North America to contract indebtedness in excess of the amount of the actual paid in capital of the said Tire & Replacement Company of North America" and that execution issue therefor.

It was further found by the court in its decree that the defendant J. Thomas Cantor had subscribed for four shares of the capital stock of the defendant company, at the par value of $400, but that he had never paid any part of his subscription and was still indebted to the company for its full amount, and that the same was true with regard to Benjamin Friedman and the court ordered that the complainant have judgment against each of the said defendants for the sum of $400, and that these two amounts, aggregating $800, be deducted from the judgment of $2,161.20, if the defendants Cantor and Friedman paid it in accordance with the decree.

Section 23 of the Corporation Act, Cahill's St. ch. 32, ¶ 23, provides that the directors of a corporation shall be jointly and severally liable for its debts "for assenting to an indebtedness in excess of the amount of the capital of the corporation, to the amount of such excess," and that "the capital of the corporation shall be considered as the aggregate amount paid in on its shares of capital stock issued and outstanding."

In support of the writ of error it is contended that the court erred in entering a decree which departed materially from the allegations set forth by the complainant in its bill of complaint. In this connection it is urged that although the decree found, as recited,

above, that the directors had permitted the defendant company to contract indebtedness to the extent of the complainant's debt, in excess of "the amount of the actual paid-in capital," of the corporation, thus complying with the statute above referred to, the bill merely prayed that the directors of the company "who permitted and assented to the said Company contracting debts and liabilities and indebtedness in excess of the capital of said Company," shall be held to their statutory liability. The contention seems to be that the prayer of the bill made reference to the entire capital stock of the company, whereas the statute provides that for the purposes of section 23, "the capital of the corporation shall be considered as the aggregate amount paid in on its shares of capital stock issued and outstanding," and that therefore the court went beyond the prayer of the bill in entering a decree fixing a liability upon the directors to the extent to which they had permitted the corporation to incur indebtedness "in excess of the amount of the actual paid-in capital" of the corporation. This contention is without any merit. Both allegations of the bill and the provisions of the decree were strictly within the provisions of the statute, and neither overlapped the other. There is no warrant for the contention that so far as the complainant sought to enforce a personal liability against the directors, because they permitted the corporation to incur the indebtedness, over and above the actual paid-in capital, the complainant was proceeding under sections of the Corporation Act covering the question of the liability of a stockholder for unpaid subscriptions on his stock, instead of section 23, which has to do with the personal liability of directors, in case they assent to the incurring of an indebtedness by the company in excess of the capital. In making the allegation quoted in its bill of complaint the complainant must be considered as having used the term "capital"

in the sense defined in section 23 of the Corporation Act, where, as above pointed out, it is provided that for the purposes of that section, the capital of the corporation "shall be considered as the aggregate amount paid in on its shares of capital stock issued and outstanding," and therefore, that the bill fully warranted the provisions of the court's decree in this respect.

Further complaint is made in support of this writ of error because the decree finds that the directors "permitted" the defendant corporation to incur and contract indebtedness in excess of its capital, whereas the statute provides for a personal liability on the part of the directors, for "assenting" to the incurring of indebtedness in excess of the amount of the capital stock. The argument seems to be that to permit such an indebtedness to be incurred is short of assenting to it, the former involving nothing but a negative and the latter necessitating an affirmative position on the part of the directors. In our opinion this contention is also untenable. It is true that our Supreme Court, in construing a similar provision in a prior statute on corporations, has held that while the liability imposed therein is not penal but contractual, it is like that of a surety and therefore *stricti juris.* *Woolverton v. Taylor,* 132 Ill. 197. This interpretation was affirmed in *Lewis v. Montgomery,* 145 Ill. 30, where it was held that the statute should receive a consideration in consonance with the nature of the obligation imposed, and the words employed should be interpreted according to their plain and obvious meaning, and shall not be extended by construction so as to embrace cases not clearly within the terms of the statute. In the case last referred to the court pointed out that the liability created by the statute exists only where the indebtedness of the corporation exceeds its capital and it is imposed only upon the directors and officers assenting to such excess of in-

debtedness and that this meant the assenting to the creation of the indebtedness and not merely recognizing it after it had been created. A similar decision is to be found in *Slater v. Taylor*, 241 Ill. 102. We have been referred to no decision construing the use of the word "permit" in this connection and we have not been able to find any. But, when we turn to the standard dictionaries and examine the definitions of this word, used as a verb, we find that they include such meanings as clearly bring the word within the meaning of the statute, which makes use of the word "assent." The first definition of the verb "permit" given by Webster is, "to consent." Among the definitions of this word, given in the Century Dictionary are, "to suffer or allow to be, by tacit consent," and to "grant leave by express consent, to allow expressly." The definition given in Funk & Wagnalls' Dictionary is "to give tacit consent." Therefore, when the decree of the circuit court found that the defendant directors had "permitted" the indebtedness in question, the court was warranted in fixing a liability created by the statute "for assenting to" such indebtedness.

In support of the writ of error it is further contended that by entering a decree requiring each of the defendant directors to pay $400 to the complainant, in liquidation of this judgment, and by also giving the complainant a decree against the corporation and the defendant directors, for the full amount of the complainant's judgment claim, $2,161.20, the court, in effect, was giving the complainant a judgment for $2,961.20. This was not the case, as will be seen from a provision of the decree above referred to, to the effect that the amounts paid pursuant to the decree, by the directors as stockholders, by reason of their liability as such, for unpaid subscriptions, shall be credited upon and deducted from the $2,161.20, the amount of the decree entered against

the corporation and the directors, the latter liability being caused by the action of the latter in permitting or assenting to the creation of indebtedness beyond the company's capital. It is urged further that there is no finding in the decree to the effect that the assets of the corporation have been exhausted, which must be the case before a creditor may enforce the liability of a stockholder on an unpaid subscription. A receiver was appointed after the bill of complaint was filed in this case, and the decree finds that the receiver requested and demanded of the defendants that they deliver to him "all moneys, property, goods, chattels and merchandise of every kind and character," as such receiver. The decree then finds that the defendants "have informed the said receiver that the said Tire & Replacement Company of North America has no moneys, goods, property, chattels, wares and merchandise belonging to it." The decree further found that the corporation had ceased doing business.

Further, as to that part of the decree enforcing the statutory liability of the two defendants as stockholders on their unpaid stock subscriptions, it is urged that the decree finds that the corporation has ceased doing business, but fails to find that it ceased doing business, leaving debts unpaid, and that this finding was made although no allegation to this effect was made in the bill, the ground therein alleged, in support of the prayer for relief, by way of enforcement of the stockholder's liability for unpaid stock subscriptions, being that the defendant corporation had allowed a judgment to remain unpaid more than ten days after demand had been made thereon. The decree found, as alleged in the bill, that the defendant corporation had allowed a judgment to remain unpaid more than ten days after demand had been made thereon. It was entirely proper for the decree to find that the corporation had ceased doing busi-

ness, although there was no allegation to that effect in the bill. If the defendant corporation had allowed a judgment to remain unpaid for more than ten days after a demand had been made thereon, as alleged in the bill, and no question is raised as to that finding, and if it had ceased doing business, as also found in the decree, there could hardly be said to be any question of the fact that it had ceased doing business "leaving debts unpaid."

The final contention made in support of this writ of error is that the decree of the circuit court was erroneous and should be reversed, because it does not appear that the complainant was the sole creditor of the defendant corporation nor that any effort was made to notify other creditors to come into the proceeding and file and prove up their claims. This point is made with reference to that part of the decree affecting the liability of J. Thomas Cantor and Friedman, as stockholders, for the amounts represented by their unpaid stock subscriptions. In our opinion, the defendant stockholders are not in any position to make such a contention, for even if it be assumed that error was committed by reason of the failure to require some notice to other creditors, assuming there were such, it may not be said that the rights of any of the defendants have been prejudiced thereby. No contention is made to the effect that the complainant did not have a valid claim against the defendant company for $2,161.20. The decree found that that claim had been reduced to judgment; that execution had been issued thereon and returned, no property found; that demand had been made upon the officers of the corporation for payment, and that the judgment remained unsatisfied, although more than ten days elapsed after the making of such demand. Nor is any contention made to the effect that either of the defendants subscribed for stock, as found in the decree, and had not paid anything on

such subscriptions. The total of these subscriptions amounted to considerably less than the plaintiff's claim. As soon as these stockholders paid these stock subscriptions, pursuant to the decree in the case at bar, such subscriptions became paid in full and these defendants may never be required to make any further payments, at the suit of other creditors or otherwise by reason of such stock subscriptions.

For the reasons we have given, the decree of the circuit court is affirmed.

*Decree affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.