## Albert Pick & Company, Appellant, v. David L. Warshauer et al., Appellees.

### Gen. No. 31,286.

1. STATUTES—*when legislative intent to nullify judicial construction of statute by amendment not shown.* The presence in the Corporation Act of 1872 of the words "to the creditors" was not the reason that the courts held that the remedy for enforcing statutory liability of directors assenting to debts beyond the corporate stock must be in equity and not at law, and therefor the omission of them from Cahill's St. ch. 32, ¶ 23, does not mean that the legislature intended to give a right to law actions in such cases.

2. CORPORATIONS—*basis of exclusive equity jurisdiction of suits to enforce directors' statutory liability.* The remedy for enforcing the statutory liability of directors assenting to corporate debts in excess of stock must be in equity and not at law because only in equity can all the different creditors and others interested be brought before the court.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed March 14, 1927.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellant.

ZANE, MORSE & NORMAN, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff's declaration was met by a demurrer which was sustained. From the adverse judgment which followed, it appeals.

This is an attempt by an action at law to enforce the statutory liability of assenting directors for the debts and contracts of a corporation in excess of the capital stock. Defendants' demurrer challenged the right to proceed at law and was sustained upon the ground that the sole remedy was in equity.

Section 16 of the Corporation Act of 1872 stated the directors' liability as follows:

"If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess, to the creditors of such corporation."

This was held to give the creditors a remedy in equity and not in a court of law. *Low v. Buchanan*, 94 Ill. 76; *Woolverton v. Taylor*, 132 Ill. 197; *Gay v. Kohlsaat*, 223 Ill. 260; *Slater v. Taylor*, 241 Ill. 102.

This is conceded by plaintiff, which relies on the amended and revised Corporation Act of 1919, section 23:

"The directors shall jointly and severally be liable for the debts and contracts of the corporation in the following cases:

"(1) For assenting to an indebtedness in excess of the amount of the capital of the corporation, to the amount of such excess;

"(2) For declaring or assenting to a dividend if the corporation is, or is thereby, rendered insolvent, or its capital is thereby impaired, to the extent of such dividend;

"(3) For debts contracted between the time of making or assenting to a loan to a stockholder or director and the time of its repayment, to the extent of such loan.

"For the purposes of this section the capital of the corporation shall be considered as the aggregate amount paid in on its shares of capital stock issued and outstanding.

"Unless a director was absent from the meeting at which such dividend was declared or loan made, or unless his dissent therefrom shall be entered on the corporate records, he shall be conclusively presumed to have assented thereto."

The argument is that the sole ground for the construction of section 16 of the Act of 1872 as limiting the remedy to equity was the presence in that section of the words "to the creditors," but as these words are omitted from the revision of 1919, section 23, the legislature therefore intended to permit an action at law. We do not so conclude. The above-mentioned decisions were not based upon the presence or absence of the words "to the creditors," but upon fundamental reasons of justice and expediency. In *Low v. Buchanan, supra,* the court said in denying the right of an action in a lawsuit: "Such a construction would, manifestly, lead in most cases to great difficulties and hardships. In all cases, where the corporation is insolvent, to allow the individual creditor to collect the

whole amount of his claim against the corporation from a solvent officer of the company to the exclusion of other creditors whose claims are equally meritorious, would certainly be the grossest inequality and manifestly unjust."

The opinion stresses the injustice of permitting a single creditor to pursue his action at law, quoting with approval from *Hornor v. Henning,* 93 U. S. 228, as follows:

"The remedy for this violation of duty as trustees is in its nature appropriate to a court of chancery. The powers and instrumentalities of that court enable it to ascertain the excess of the indebtedness over the capital stock, the amount of this which each trustee may have assented to, and the extent to which the funds of the corporation may be resorted to for the payment of the debts; also, the number and names of the creditors, the amount of their several debts, to determine the sum to be recovered of the trustees, and apportioned among the creditors, in a manner which the trial by jury and the rigid rules of common law proceedings render impossible."

Like reasoning also appears in *Stone v. Chisolm,* 113 U. S. 302, where, in holding that the liability must be enforced in chancery, the court said: "Otherwise the facts which constitute the basis of liability might be determined differently by juries in several actions, by which some creditors might obtain satisfaction and others be defeated. The evident intention of the provision is that the liability shall be for the common benefit of all entitled to enforce it according to their interest; an apportionment which, in case there cannot be satisfaction for all, can only be made in a single proceeding to which all interested can be made parties." This is convincing.

The reason the words "to the creditors" were not written in the revision of 1919 was not for the purpose of changing the law with reference to the remedy, but

was probably in the interest of better English. Section 23 imposes liability "for the debts and contracts of the corporation." To have written it "for the debts *to the creditors*" would have been tautological. The legislative wish to avoid a solecism should not be exaggerated into an intention to change a rule of procedure founded upon justice.

We are not disposed to follow such decisions in other tribunals which may hold that a single creditor may proceed in an action at law. Most of the cited cases involved the right of an individual creditor to proceed under a statute making the stockholder liable to the amount of his stock when the corporation is insolvent, where the amount of the liability is limited and fixed. Such decisions are not applicable to a case where only assenting directors are liable for a violation of their trust to all of the creditors of the corporation who may be injured thereby.

In other jurisdictions the liability of directors for the debts and contracts of a corporation was enforced by a proceeding in equity, regardless of the presence or absence in the statute of the words "to the creditors." Among such cases are *Westinghouse Elec. & Mfg. Co. v. Reed,* 194 Mass. 590; *Brown & Co. v. Ware,* 87 Vt. 121; *Lyman v. Hilliard,* 154 Fed. 339. The opinions in these cases merely repeat in different forms that it is the appropriateness of the relief sought to the circumstances which determines the remedy, and that where, as in the instant case, only the directors assenting to the creation of the debts are liable, it is necessary, to do justice to all interested parties, that the proceedings should be in a court of equity, where all the parties in interest may be before the court and all the various equities determined and such a decree rendered in a single cause as shall be equitable and just to all concerned.

A further consideration fortifying our conclusion is that in the Corporation Act of 1919 it is specifically

provided that under certain circumstances suits at law may be prosecuted by creditors individually. Such is the provision in section 149.

For the reasons above indicated we hold that the demurrer was properly sustained, and the judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.