Cairo Meal & Cake Company, Appellant, v. Estate of H. H. Brigham, Deceased, Appellee.

Gen. No. 36,262.

Heard in the first division of this court for the first district at the October term, 1932. Opinion filed December 29, 1932.

JOHN F. VOIGT, for appellant.

CHAPMAN & CUTLER, for appellee; CHARLES M. THOMSON, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed its claim for $1,342 in the probate court; this was disallowed; it appealed to the circuit court and there amended its claim and asked that the cause be transferred to the chancery side of the court, which motion was denied. Plaintiff elected to stand by its motion, and, refusing to proceed further, the court entered an order dismissing the appeal. Plaintiff asserts in this court that it was entitled to have the cause transferred to the chancery court.

Plaintiff's claim filed in the probate court alleged that it had sold to H. H. Brigham, doing business under the trade name of Midwest Commercial Company, a quantity of cottonseed meal, but that he refused to accept it, compelling plaintiff to sell at the best price obtainable, with resulting damages of $1,342; also that the Midwest Commercial Company was owned and operated by H. H. Brigham and by the Midwest Trading and Securities Corporation.

When the cause was reached for hearing in the circuit court plaintiff filed an amended claim instanter. The amended claim alleged the same matters as in the original claim, but in addition asserted that the deceased, H. H. Brigham, was a director in the Midwest Trading and Securities Corporation and that as such director he had assented to the indebtedness to plaintiff, knowing that the aggregate of the debts of said corporation was in excess of the amount of its capital stock, and that therefore, under the provisions of the statute he was personally liable for the amount of the plaintiff's claim. Section 23, chapter 32 (Cahill's Illinois St. ch. 32, ¶ 23). This provides in substance that directors of corporations shall jointly and severally be liable for the debts and contracts of the corporation where they assent to an indebtedness in excess of the amount of the capital of the corporation, to the amount of such excess. We have heretofore held that the sole remedy of a creditor wishing to proceed under this statute was in equity. *Albert Pick & Co: v. Warshauer,* 244 Ill. App. 56.

The trial in the circuit court on appeal from the probate court is a trial *de novo,* and while the circuit court has power to permit the claimant to file an amended claim (*Estate of Johnson v. Kilpatrick,* 250 Ill. App. 416), yet such amended claim may not raise a new cause of action not presented to or passed upon by the probate court. *Elder v. Whittemore,* 51 Ill. App. 662; *Millard v. Harris,* 119 Ill. 185. If this were not so, a claimant might file in the probate court a baseless claim and then on appeal try, in the circuit court, issues and claims not presented to the probate court, the only court in which, under the statute, claims against decedents must be filed. Section 60, chapter 3, Cahill's St. ch. 3, ¶ 61. The statute cannot thus be evaded.

Plaintiff's position seems to involve an inconsistency. Its claim in the probate court was based on the alleged liability of H. H. Brigham, personally, for his

breach of contract. In the circuit court it bases its claim upon an alleged director's statutory liability for the debts of a corporation which was not a party to the contract claimed to have been breached. A director's liability can only be invoked for assenting to excess debts of the corporation which incurred them.

Defendant says that any right of action against H. H. Brigham, as an assenting director for debts of a corporation, did not survive his death. Such a liability did not exist at common law and is purely statutory. There are no provisions in the statute providing that the right of action shall survive. In a number of cases involving statutory penalties it has been held that the right of action did not survive. *Dempster v. Lansingh,* 166 Ill. App. 261; *Olson v. Scully,* 296 Ill. 418; *Wilcox v. Bierd,* 330 Ill. 571; *Glos v. Glos,* 341 Ill. 447. In *Diversey v. Smith,* 103 Ill. 378, the court had under consideration a question analogous to the one before us. There a creditor of a corporation sought to enforce a stockholder's statutory liability against one of the stockholders. He failed in the superior court and appealed to the Appellate Court, and during the pendency of that appeal the defendant stockholder died. This was called to the attention of the Appellate Court with a motion that the appeal be dismissed on the ground that the cause of action did not survive the defendant's death. This motion was allowed and plaintiff appealed to the Supreme Court. It was there said: ''If the action is for a statutory penalty, it does not survive the death of the testator, and the writ was properly dismissed.'' The opinion then proceeds at some length to consider whether or not the claim is an action on a contract or for a statutory penalty, and concludes that the liability is statutory and that the action did not survive, and that the Appellate Court properly dismissed the appeal.

Plaintiff refers to section 123 of chapter 3, Cahill's St. ch. 3, ¶ 125, in which are enumerated the actions

which survive. Among these are "actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies." Manifestly this means public officers, and has no application to the instant case.

The judgment of the circuit court, in denying plaintiff's motion, was proper and it is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.