# In the Matter of the Estate of Barbara Roepsch, Deceased.
# On Appeal of Elizabeth Goetz, Appellant, v. The People of the State of Illinois, Appellee.

## Gen. No. 29,821.

ESTATES OF DECEDENTS—*withholding assets acquired after death of owner after citation as contempt.* Under section 81 of the Act relating to the administration of estates, Cahill's 1923 St. ch. 3, ¶ 82, providing for the issuance of a citation where a person has property "belonging to any deceased person," only such property is included as came into the hands of the person charged before the death of the deceased person and which was converted before or after such death, and the court was without jurisdiction to commit a respondent to jail for contempt where the petition alleged only that the administrator believed that respondent had in her possession certain property belonging to the "estate" of deceased and it appeared that the property in question was a mortgage note which respondent obtained from a safety deposit box after the death of deceased.

Appeal by plaintiff from the Probate Court of Cook county; the Hon. HENRY HORNER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed. Opinion filed May 11, 1925.

LUTHER M. LEWIS and C. OSCAR CARLSON, for appellant.

No appearance for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the respondent, Elizabeth Goetz, from an order of the probate court of Cook county adjudging her guilty of contempt of court and committing her to the county jail of Cook county for failure to pay to Gordon A. Ramsay, as administrator of the estate of Barbara Roepsch, deceased, $1,000 in accordance with an order of the probate court.

The order committing the respondent to jail was entered in a proceeding begun by Gordon A. Ramsay, as administrator of the estate of Barbara Roepsch, deceased, under section 81 of the Act relating to administration of estates. [Cahill's 1923 St. ch. 3, ¶ 82.] Section 81 is as follows:

"If any executor or administrator, or other person interested in any estate, shall state upon oath, to any county court, that he believes that any person has in [his] possession, or has concealed or embezzled, any goods, chattels, moneys or effects, books of account, papers or any evidences of debt whatever, or titles to lands belonging to any deceased person; or that he believes that any person has any knowledge or information of or concerning any indebtedness or evidences of indebtedness, or property, titles or effects, belonging to any deceased person, which knowledge or information is necessary to the recovery of the same, by suit or otherwise, by the executor or administrator, of which the executor or administrator is ignorant, and that such person refuses to give to the executor or administrator such knowledge or information, the court shall require such person to appear before it by citation, and may examine him on oath, and hear the testimony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require."

Under this section Gordon A. Ramsay, as administrator, filed the following petition:

"Gordon A. Ramsay respectfully represents unto the court that he is the duly qualified and acting administrator of the above entitled estate.

"Your petitioner further represents that he believes that Mrs. Elizabeth Goetz has in her possession certain property belonging to the above estate and has knowledge or information concerning property belonging to said estate, which knowledge or information is necessary to the recovery of the same by your petitioner and of which your petitioner is ignorant and, your petitioner further represents that she refuses to

give to your petitioner such knowledge or information and to turn over said property to your petitioner.

"Your petitioner therefore asks that a citation issue directing the said Elizabeth Goetz of 132 W. 46th St., Chicago, Illinois, and on the 2nd floor rear of said residence, to appear before this court and submit to an examination on oath concerning the property of this estate, and that such order may be entered in the premises by the court as the case may require.

"And your petitioner will ever pray, etc.

Gordon A. Ramsay, Administrator."

In pursuance of the prayer of the petition a citation was issued against the respondent. On the hearing on the citation the court entered the following order:

"This matter coming on to be heard on a citation for discovery of assets against Elizabeth Goetz, and said respondent having been duly served, and after hearing the evidence, the court finds,

"That Elizabeth Goetz entered the safe deposit box of this decedent after her death and removed therefrom a mortgage note of the value of $2000.00 which was the property of this estate, which she converted to her own use.

"That she retained for herself the sum of $1000.00 and paid $1000.00 to Andrew Wachter, her brother.

"And the court being fully advised, it is ordered that Elizabeth Goetz pay Gordon A. Ramsay, administrator of the Estate of Barbara Roepsch, the sum of $1000.00 on or before December 30, 1921."

On the failure of the respondent to pay the $1,000, Gordon A. Ramsay, the administrator, filed a petition in which he prayed for an order directing the respondent to show cause why she should not be punished for contempt. The court granted the prayer of the petition and issued a writ of attachment against the respondent. On the hearing of the order to show cause why the respondent should not be punished for contempt, the court examined the respondent. From the examination it appears that after the death of

Barbara Roepsch, the respondent's mother, the respondent and her brother, Andrew Wachter, took the mortgage note from a safety deposit box. It also appears that the respondent had expended certain sums of money for funeral expenses, hospital and doctor's bills of her mother. Counsel for the respondent offered to show that Barbara Roepsch in her lifetime had stated to the respondent that the mortgage note belonged to the respondent and her brother, Andrew Wachter, and had told the respondent to go to the safety deposit box and get it. The court denied the offer. The court then entered the following order committing the respondent to jail:

"Now comes the respondent, Elizabeth Goetz, in the custody of the sheriff of said County, on attachment issued by the court against her for contempt, and this cause coming on to be heard upon the answer of the respondent, and the court having fully considered the same, and being now advised in the premises; and it appearing to the court that the said respondent has failed and refused to comply with the order of the court entered on the 30th day of November, 1921, requiring her to pay to Gordon A. Ramsay, administrator of the said estate, the sum of One Thousand Dollars; and it appearing to the court that the respondent has paid certain expenses attending the last illness of the said Barbara Roepsch, deceased, amounting to Four Hundred and Twenty-four Dollars, and that she should be permitted to deduct said sum from the amount mentioned in said order; it is therefore now ordered by the court that the said respondent pay to the said administrator the difference between the said sum and the sum of One Thousand Dollars mentioned in said order, to-wit, the sum of Five Hundred and Seventy-six Dollars; and the respondent now in open court having refused to pay the said sum to the said Gordon A. Ramsay, administrator as aforesaid, the court finds that the respondent, Elizabeth Goetz, is guilty of contempt of this court in this, that she has failed and refused to comply with said order of the court.

"It Is Therefore considered and adjudged by the court that the said Elizabeth Goetz be committed to the jail of the County of Cook, there to remain for a period of six months, or until she shall pay to Gordon A. Ramsay, administrator as aforesaid, the sum of Five Hundred and Seventy-six Dollars, in compliance with the aforesaid order of this court, or until she is discharged by due course of law."

Counsel for the respondent contend that the probate court was without jurisdiction under section 81 to inquire into the title of property, and therefore the court had no power to examine the respondent as to the manner in which she came into the possession of the mortgage note, as such examination was, in effect, an inquiry into the title to the property; but that having opened up the question of title, the court should have allowed the offer of the respondent.

In the view we take of the case it will not be necessary to decide this question, as we are of the opinion that the further contention of counsel for the respondent, that the court was without jurisdiction to enter the order committing the respondent to jail, is correct.

The petition filed by Gordon A. Ramsay, as administrator, praying for a citation against the respondent, alleged that he believed the respondent had in her possession certain property belonging to the "estate" of Barbara Roepsch, deceased. Section 81 provides for the issuance of a citation where a person has property "belonging to any deceased person." In construing this clause it was explicitly held in the case of *Dinsmoor v. Bressler,* 164 Ill. 211, that "the statute refers only to property which came into the hands of the person charged before the death of the deceased person, and which was converted before or after such death." The case of *Dinsmoor v. Bressler, supra,* was followed in the case of *Sullivan v. Arcola State Bank,* 314 Ill. 40, the court saying (p. 43):

"In *Dinsmoor v. Bressler,* 164 Ill. 211, these sec-

tions were again under consideration, and it was there held that they refer only to property which came to the hands of the person charged before the death of the deceased person and which was converted before or after such death.''

In our opinion these decisions are conclusive of the question involved in the case at bar.

The order of the probate court is reversed.

*Reversed.*

McSURELY, P. J., and MATCHETT, J., concur.