Estate of Perry Johnson, Appellant, v. Mary Kilpatrick, Appellee.

Gen. No. 32,850.

Opinion filed November 27, 1928. Rehearing denied December 11, 1928.

CHARLES R. CASLER, for appellant.

ELLIS & WESTBROOKS, JAMES S. WINFREY, BLAINE G. ALSTON and JAMES E. WRIGHT, for appellee; RICHARD E. WESTBROOKS, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In the probate court of Cook county, Eugene A. Tappy, conservator of the estate of Perry Johnson, a spendthrift, filed a sworn petition, under paragraph 54, chapter 86, Callaghan's Illinois Statutes Annotated, vol. 5, p. 4924, alleging "that he is informed and believes that one Mary Kilpatrick, of Chicago, Cook County, Illinois, has in her possession, or has concealed or converted certain moneys in the sum of Fifteen Hundred ($1500.00) Dollars, belonging to said Estate and wrongfully refuses to deliver the same to your Petitioner, although often requested so to do." The petitioner "prays that said Mary Kilpatrick may be cited to appear before said Court on a short day to answer such charge, and that she be ordered to deliver said sum of money to your Petitioner." The respondent having been duly served appeared in the probate court, in person and by counsel, and apparently did not in any way raise any question of jurisdiction or as to the sufficiency of the petition. There was a trial upon the merits and the court found "that the said Mary Kilpatrick wrongfully obtained from Perry Johnson, a spendthrift, the sum of One Thousand Five Hundred and Twelve ($1512.00) Dollars, which was the property of the estate of Perry Johnson, a spendthrift, and which she converted to her own use," and the court ordered that the respondent "pay to Eugene

A. Tappy, conservator of the estate of Perry Johnson, a spendthrift, the sum of One Thousand, Five Hundred and Twelve ($1512.00) Dollars, on or before twenty (20) days from the date of this order.'' From this order the respondent appealed to the circuit court of Cook county. In that court the respondent entered a general appearance, and when the cause was reached for trial, moved the court ''to quash the petition and to dismiss the citation proceedings,'' on the ground that ''a petition or affidavit which states that a person has money or property 'belonging to the estate' is insufficient to give the court jurisdiction to issue the citation and proceed with a hearing, and a motion to quash the proceeding and discharge the respondent should be sustained.'' In opposing the motion the petitioner contended that the proceeding in the circuit court was a trial *de novo,* and further contended that even if the petition filed in the probate court were insufficient, the respondent's appearance in that court was a general and not a special one; that she raised no question in the probate court as to any alleged defect in the petition and she submitted to a trial of the cause upon the merits and that therefore she had waived any jurisdictional defect, if any, in the petition; but the trial court held that paragraph 54, of chapter 86, provides for the issuance of a citation only where a person has property or money ''belonging to the ward,'' and that the petition or affidavit filed in the probate court is fatally defective because it alleges that the respondent had money ''belonging to the estate'' of Perry Johnson, a spendthrift, and that therefore the circuit court was without jurisdiction to hear the matter, and the court, over the objection of the petitioner, entered an order that ''the motion to quash the petition for citation and to dismiss the proceedings, be, and the same is hereby sustained and petition is hereby quashed and respondent discharged.''

From the entry of this order the conservator has appealed to this court.

Paragraph 54 reads as follows:

"Property of ward withheld—Knowledge of property—Citation and hearing—Order of court. § 53. If any conservator appointed pursuant to this Act or any other person interested in the ward or his estate, or any other person, shall state upon oath, to any County Court, that he believes that any person has in his possession or control, or has concealed, converted or embezzled, any goods, chattels, moneys or effects, books of account, papers or any evidences of debt whatever, or titles to lands belonging to the ward; or that he believes that any person has any knowledge or information of or concerning any indebtedness or evidences of indebtedness, or property, titles or effects, belonging to the ward, which knowledge or information is necessary to the recovery of the same, by suit or otherwise, by the conservator, and that such person refuses to give to the conservator such knowledge or information, the court shall require such person to appear before it by citation, and may examine him on oath, and hear the testimony of such conservator, and other evidence offered by either party, and make such order in the premises as the case may require."

It has been frequently held that proceedings in the probate court like the one in question are not suits at law, but are purely statutory proceedings in which written pleadings are not required and the proceedings are not governed by the technical rules which apply to suits at law. "No formal particularity is required to give the court jurisdiction. (*Blair v. Sennott,* 134 Ill. 78.)" (*Martin v. Martin,* 170 Ill. 18, 24.) In fact, as we read it, paragraph 54 does not even require that the oath upon which the citation must be based shall be in writing. While we are mindful of the ruling of the court in *Dinsmoor v. Bressler,* 164 Ill. 211, in re

section 81 of the Administration Act, Cahill's St. ch. 3, ¶ 82, nevertheless, it appears to us that the question as to whether or not a written affidavit is required to be filed by said section or by paragraph 54 of chapter 86 has never been squarely presented to the Supreme Court.

"Lunacy laws are enacted for the benefit of the un- fortunate as well as the public. * * * They are in their nature emergency laws and must operate, if they operate at all, when the emergency arises. Such laws should be construed liberally to the end that their purpose may be effectuated. If courts stick in the bark on technical questions of construction of terms, the lunatic may destroy himself or others or waste or lose his property and the object of the law thereby be frustrated while hairs are split." (*Parcher v. Reese*, 202 Ill. App. 509.) The same rule of construction would apply to laws relating to spendthrifts. But it is not essential in this case to decide whether or not it was necessary for the petitioner to file a written affi- davit, for even if it were necessary to do so under the statute, and admitting, merely for the sake of argu- ment, that the petition in the present case was insuffi- cient to give the probate court jurisdiction in the mat- ter, nevertheless, the respondent entered a general ap- pearance in that court and the matter was tried upon the merits, and she would be held to have waived, in the probate court, at least, any jurisdictional defect arising out of the alleged insufficiency in the allega- tions of the petition. (*Bishop v. Welch*, 149 Ill. App. 491, 496. See also *Grier v. Cable*, 159 Ill. 29; *Stafford v. Stafford*, 299 Ill. 438, 445.) In the instant proceed- ing, the statute required the appeal from the probate court to be taken to the circuit court, and it also re- quired the cause, on appeal, to be tried *de novo*. "On a trial *de novo* the circuit court stood in the shoes of the probate court. It had the same jurisdiction on the trial *de novo*, and was clothed with the same powers as

the probate court." (*Snyder v. Snyder,* 142 Ill. 60, 65; *McMahan v. Trautvetter,* 305 Ill. 395, 404.) On appeal from the probate court the circuit court does not sit as a court of errors but tries the cause *de novo.* (*Barnes v. Earle,* 275 Ill. 381, 385.) It was held in *Blair v. Sennott, supra* (p. 85), and in *Martin v. Martin, supra,* that an administrator had the right, in a proceeding brought by him in the probate court under section 81, Cahill's St. ch. 3, ¶ 82, to file an amended affidavit, and in the instant case, especially in view of the attitude of the respondent in the probate court, the circuit court, trying the proceeding *de novo* and "clothed with the same powers as the probate court," had the right to permit an amendment to the petition, if it were necessary. In fact it has been held that the circuit court has the power to permit amendments in matters of appeal from the probate court.

The sole argument of the respondent in support of the judgment of the circuit court is that paragraph 54 provides for the issuance of a citation only where a person has property or money "belonging to the ward," and that the petition or affidavit in the instant cause (filed in the probate court) is fatally defective because it alleges that the respondent had money "belonging to the estate" of Perry Johnson, a spendthrift, and the circuit court was therefore without jurisdiction to hear the proceeding. The respondent admits that the contention is based entirely upon the case of *Goetz v. People,* 237 Ill. App. 71–75. In that case the respondent, Goetz, was adjudged guilty of contempt of court for failure to pay to the administrator of the estate of Roepsch, deceased, $1,000 in accordance with an order of the probate court committing the respondent to jail in a proceeding under section 81 of the act relating to Administration of Estates. (Cahill's 1923 St. ch. 3, ¶ 82.) On the hearing of the order to show cause why the respondent should not be punished for contempt, it appeared that the property in question

was a mortgage note, which the respondent obtained from a safety deposit box after the death of the deceased, and the appellate court held, following the ruling in *Dinsmoor v. Bressler, supra,* that section 81 refers only to property which came into the hands of the person charged before the death of the deceased person, and which was converted before or after such death; that under the petition *and the facts in the case before them* the court was without jurisdiction to commit the respondent to jail for contempt. In our judgment, that decision is not an authority to sustain the order entered by the circuit court in the instant case.

Nothing that we have said in this opinion must be taken as a ruling by this court that a conservator, under paragraph 54, could not bring citation proceedings against a person who obtained from a spendthrift goods, etc., belonging to him or his estate, after a conservator had been appointed. That question is not before us for determination.

In our judgment the trial court erred in ruling that the circuit court was without jurisdiction to proceed with a hearing of the cause, and in entering an order quashing the petition for a citation and discharging the respondent, and the judgment of the circuit court of Cook county is reversed and the cause or proceeding is remanded with directions to the court to try the same *de novo.*

*Reversed and remanded with directions.*

GRIDLEY, P. J., and BARNES, J., concur.