(No. 31367.—

CLIFFORD H. MEAD *et al.,* Appellants, *vs.* EDITH PHELPS GARRISON *et al.*—(KELLOGG McCLELLAND *et al.,* Appellees.)

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

SPAULDING & SPAULDING, and RUSSELL, RUSSELL & RUSSELL, both of Princeton, and BLACK, BLACK & BORDEN, and CLYDE M. WEST, both of Peoria, for appellants.

STUART, NEAGLE & WEST, of Galesburg, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the trustee and by the residuary legatees under the will of Mary Z. Hinman from the decision of the Appellate Court, Second District, which reversed the decree of the circuit court of Bureau County and remanded said cause to the circuit court, with directions to enter an order for the trustee to turn approximately $100,000 remaining in his hands over to the treasurer of Knox College. The case is in this court by reason of our granting leave to appeal from the action of the Appellate Court.

Mary Z. Hinman, a resident of Stark County, Illinois, died on February 24, 1929, leaving a last will and codicil which was duly admitted to probate. By the first eleven clauses of her will she made certain specific bequests. Her will then provided:

"TWELFTH: After the payment in full of the foregoing gifts and bequests shall have been made, I hereby give and bequeath unto Clifford H. Mead, my trustee, the sum of Fifty Thousand Dollars ($50,000.00); to have and to hold the said sum of Fifty Thousand Dollars ($50,000.00) unto the said Clifford H. Mead, my trustee, in trust, for the uses and purposes following, to-wit: To receive, hold, manage and loan the said trust fund in first mortgages on the desirable, best and most productive farm lands in Stark County and Bureau County, Illinois; the said first mortgages to bear the prevailing rate of interest, and no mortgage to exceed in amount fifty per cent of the actual, conservative value of the land on which the loan may be made, exclusive of improvements; my said trustee shall collect and pay annually the interest on all the loans held by him under this trust to the Treasurer of Knox College, Galesburg, Illinois, for the CREATION AND MAINTENANCE of a SPECIAL FUND to be known as THE HINMAN SCHOLARSHIP FUND given by HOMER B. HINMAN and MARY Z. HINMAN, IN MEMORY of their deceased daughters, BLANCHE LILLIAN HINMAN and DARLENE HINMAN MEAD. The foregoing gift and bequest, in trust, has been made by me and is in keeping with the request and wish expressed to me by my beloved, deceased husband; That our beloved daughters having departed this life, and no longer having need of our financial assistance, that we HONOR the MEMORY of our deceased daughters, BLANCHE LILLIAN HINMAN and DARLENE HINMAN MEAD, with a substantial gift to their beloved col-

lege, Knox College, Galesburg, Illinois. The said Scholarship Fund shall be expended from time to time for the tuition or board or lodging, or any part of, or all of such expense, of worthy students attending Knox College who may be in need of financial assistance in order to obtain a college education. The persons who shall be the beneficiaries of such fund shall be such as shall be designated by the Faculty of Knox College to receive such assistance; and without limiting in any way the number who may be assisted at any time or the amounts that may be granted to any beneficiary, it is my general wish that eight scholarships be permitted, and that one man and one woman be selected from each college class as the beneficiaries of said THE HINMAN SCHOLARSHIP FUND.

"THIRTEENTH: The said trust herein created shall continue for the period of twenty-one years after my decease, and thereupon the said Trustee, Clifford H. Mead, shall transfer the title and pay the principal sum of Fifty Thousand Dollars ($50,000.00) of said Trust Fund to the Trustees of Knox College, Galesburg, Illinois, and their successors in office; and it is my request that the interest from the principal of said Trust Fund of Fifty Thousand Dollars ($50,000.00), which Trust Fund shall be kept at interest, shall be thenceforth paid by the Trustees of Knox College to the Treasurer of Knox College, Galesburg, Illinois, for the maintenance of said Special Fund, and the said THE HINMAN SCHOLARSHIP FUND, forever. My said Trustee, Clifford H. Mead, is expressly authorized to do all things deemed essential or advisable for the protection of the said Trust Fund. I expressly direct that any person dealing with my said Trustee shall not be required to see to the application of any money or moneys paid to it.

"FOURTEENTH: All the rest, residue and remainder of my said estate shall be converted into cash as soon as possible, taking into consideration the largest returns to be had therefrom, and divided amongst the following named persons, in equal parts, share and share alike: Ella Parker, Emma Parker, Lizzie Holman Mooney, Effie Hinman, Nannie Lipton Hinman, Bertha Holman Enyard, Benjamin H. Holman, Homer Lipton Hinman, John H. Holman, Edna Phelps Burr, Jessie Phelps Baisch, Edith Phelps Garrison, Gladys Phelps Phelps and Clifford H. Mead.

"FIFTEENTH: I hereby declare that it is my intention that my real estate shall be sold by my Executor for the purpose of paying the gifts and bequests made in and by this my Will and all of said gifts and bequests are hereby expressly made a charge on said real estate.

"SIXTEENTH: I hereby nominate and appoint Clifford H. Mead, surviving husband of my deceased daughter, Darlene Hinman Mead, to be Executor and Trustee of this, my Will; and in the event of his failure to serve as Executor or Trustee, for any cause, then I nominate and appoint William M. Mead, my true

friend, of Chillicothe, Illinois, to be the Executor and Trustee in his place and stead, with the same powers that might be exercised by the said Clifford H. Mead.

"SEVENTEENTH: My said Executor and Trustee is hereby authorized and empowered to sell, convey, lease or otherwise dispose of any or all of the property of which I may die seized or possessed, real and personal, or the proceeds thereof, and convert the same into cash at such time or times and upon such terms and conditions as shall seem proper, the purchaser not being required in any case to see to the application of the purchase money, and to make, execute and deliver all deeds or conveyance and other instruments in writing which may be deemed necessary for that purpose, and to do all things in and about the management of my estate in the same manner as I might do if living, as shall seem expedient and just to them to enable them to carry out the purposes and intent of this my Last Will and Testament, and I hereby direct and request that my said Executor and my said Trustee shall, before entering upon the duties of his office, be required to give bond to be approved by the Court, to insure the faithful performance of his duties, as such Executor and Trustee."

The will was admitted to probate and Clifford H. Mead proceeded to administer the estate and paid in full the bequests given by the first eleven clauses of the will and paid all taxes, claims and costs of administration. On January 9, 1935, Mead individually and as executor and trustee under the will filed a complaint in the circuit court of Bureau County in which he made the treasurer of Knox College, its trustees, the college and the residuary legatees under paragraph 16 of the will parties defendant. The complaint alleged that the bequests made by the first eleven clauses of the will had been fully paid, and that the administration of the estate had been completed except that the trust provided in the twelfth clause had not been set up because there had not been an opportunity to sell farm lands of about 300 acres, owned by the decedent, to advantage, and that in his opinion, and in the opinion of Knox College, it was not advisable that the real estate be sold at that time but that it would be in accordance with the desire of the testatrix for the remaining assets of the estate to be held by the trustee. It was also alleged that

at that time the fair cash market value of said assets which remained was much less than $50,000 and that it would be equitable for the income from said assets to be paid annually to the treasurer of Knox College as income of the trust until the further order of the court. It was alleged that the main assets of the estate remaining consisted of about 300 acres of farm land which were being farmed on a share crop basis. All of the defendants were either served personally or by publication and on April 8, 1935, the court entered a decree reciting the jurisdiction of the subject matter and of the parties thereto and found that each of the defendants, including Knox College and the treasurer thereof, and the trustees thereof, were defaulted, and that the complaint was taken as confessed against all of the defendants. The court found that since the death of the testatrix, there had been no opportunity to sell said farm lands to advantage, and that it was not advisable to sell them at that time. The court took "full and complete jurisdiction of the trust created under and by the last Will and Testament and the Codicil thereto of Mary Z. Hinman, deceased and of the administration of said trust for and during the term thereof." The court approved and confirmed the acts and doings of Mead in his administration of the estate and of the trust and ordered that he enter into a good and sufficient bond as trustee in the amount of $10,000 for the use of the beneficiaries of said trust. The court ordered that certain assets, namely, cash and securities, be paid to the treasurer of Knox College as income of the trust, and that interest on a certain contract for deed should be paid to the treasurer of Knox College as collected. The court further ordered that a certain note together with 25 shares of bank stock were assets forming a part of the corpus of the trust, and that they should be held by the trustee until the further order of the court and the court further ordered that these farm lands, located in Bureau County, "are a part of the corpus

of said trust and shall be so held by said trustee until the further order of this Court," and that the net income of said farm lands and of the other assets decreed to be a part of the corpus of the trust should be paid annually to the treasurer of Knox College as income of the trust to be used by said college as such income according to the terms of said clause twelve of said will. The court further ordered the trustee to hold, manage, operate, care for and preserve said trust property or estate and to invest or reinvest the same according to the provisions of the will and to rent the farm lands collecting the rents therefrom, paying the taxes legally imposed upon the estate and to make any necessary repairs, renewals or betterments upon the real estate forming a part of the trust, but that the farm lands should not be sold by said trustee until the further order of the court. The trustee was ordered to file an inventory of the assets held by him and was ordered to file a report of his acts and doings one year from the entry of the decree and from time to time thereafter. The court by its decree also ordered that the cause stand continued for further proceedings in conformity with the judgment of the court as therein expressed and decreed "that jurisdiction of this cause and of all the parties hereto is retained for such further proceedings as may be necessary or proper herein, or in the administration of the trust created under and by said last Will and Testament and Codicil thereto of the said Mary Z. Hinman, deceased."

There was no appeal from this decree by any of the parties, and the trustee continued to act pursuant thereto. On December 29, 1947, he filed his petition in said cause alleging that he had filed annual reports of his acts as trustee, which had been approved by the court, and that the estate proceedings had been closed and that he had in his hands said real estate in Bureau County which had not been sold because of economic conditions since said lands would not have brought an amount sufficient to per-

mit the establishment of the trust provided by paragraph 12 of said will. He alleged that he believed that it was to the best interest of all of the parties that the real estate be now sold, and that said real estate could be sold for more than $50,000, and that the excess derived from the sale of said lands would be available for distribution to the residuary legatees named in paragraph 14 of the will. He also alleged that he had turned over to Knox College out of the rent and profits from the farm lands the sum of $42,507.50. He alleged that the will should be construed and asked for the guidance of the court in determining the rate of interest that should be paid to Knox College on the $50,000 sum since the death of the testator, whether or not the farm should be sold by the trustee at public or private sale and the time of the vesting of the interest of the legatees referred to in paragraph 14. Summons was issued and served upon the defendants. The treasurer of Knox College, the trustees of Knox College and Knox College filed their answer to the petition, by which they set forth that the residuary legatees named in paragraph 14 of the will did not have any interest in any portion of the real estate or the corpus of the trust estate and denied that there was any need for the construction of the will. The residuary legatees filed their answer to the petition and their counterclaim by which they admitted the allegations of the petition but alleged that Knox College should be required to account for all moneys received by it from the trustee, and that Knox College should be required to pay to the trustee any sum of money which it had received in excess of the proper interest allowance to it on the $50,000 fund which was to be created under the terms of the will. By their counterclaim they prayed that the real estate be sold under the direction of the court, that an accounting be held with Knox College, and that it be required to pay the trustee any sums of money received in excess of a fair and reasonable interest rate on the $50,000 fund, and that

any net balance remaining in the hands of the trustee be paid to them under clause 14 of the last will and testament.

Knox College, the trustees thereof and the treasurer thereof filed their reply to the answer and counterclaim of the residuary legatees by which they again denied that the residuary legatees were entitled to any interest in the property.

Prior to a hearing on the petition, by stipulation of the parties a decree was entered directing the trustees to sell said real estate and the real estate was sold at public auction on June 12, 1948, for the sum of $83,811, which sale was approved by the court. The matter went on for hearing on the merits of the petition and after a hearing the court entered an order that from the proceeds of the sale the trustee was to segregate the sum of $50,000 as the trust fund under the terms of the twelfth and thirteenth clauses of the will, and that the terms of said trust fund should be accelerated and that said sum be immediately paid to the trustees of Knox College to be held by them under the terms of said last will and testament. The court further decreed that a reasonable and proper return in the way of interest on said trust fund for the period of time from the date of the 1935 decree until the hearing was the sum of $33,208.35, and that Knox College, through its treasurer or trustees, should refund unto the trustee the sum of $9191.65. The court further decreed that after payment of the sum of $50,000 to Knox College and the refund to the trustee of the sum of $9191.65 by Knox College the balance should be, under the jurisdiction of the court, distributed unto the residuary legatees designated by the fourteenth clause of the will.

From this decree Knox College appealed to the Second District Appellate Court, which court reversed the chancellor and remanded the cause with directions to enter a decree directing that the entire proceeds remaining in the hands of the trustee be delivered unto Knox College since the

decree of 1935 construed the will and created the trust, and that as a result of that decree the residuary legatees had no interest in the farm land or the other assets of the estate.

The residuary legatees and the trustee petitioned this court for leave to appeal from the decision of the Second District Appellate Court and this court granted leave to appeal.

The trustee and the residuary legatees contend that the action of the Appellate Court defeats the intention of the testatrix. Knox College contends that when the chancellor, in 1935, entered the decree establishing the trust, the effect thereof was to hold that Knox College was then entitled to all of the assets then remaining in the estate, and that the residuary legatees thereafter had no interest therein. It contends that, since none of the residuary legatees appealed from that decree, the doctrine of *res judicata* prevents the court from now granting any relief unto said residuary legatees. The residuary legatees assert that since, by the 1935 decree, the court retained jurisdiction over the parties and the subject matter, the court can now direct the disbursement of the funds in such manner as to follow the intention of the testatrix.

A proper decision of this cause requires a determination of the legal effect and meaning of the decree entered in 1935. We have carefully reviewed that decree and the proceedings which preceded it, and we believe that the only proper interpretation of that decree is that the court intended to maintain the *status quo* between the parties because economic conditions made it impossible and undesirable to sell the real estate at that time. If the real estate had been sold at that time it appears that Knox College would not have received even $50,000. Likewise it was practically impossible for said sum to be invested in farm mortgages at that time and it should be noted that the college had received no interest or income from said fund

prior to the 1935 decree. The facts that the trust was not accelerated by the 1935 decree, that the trustee was a residuary legatee and that at the time the testatrix drew her will her assets were such as to result in substantial residuary bequests, also indicate that the decree was an attempt to realize for Knox College, and likewise for any of the residuary legatees, more money than could have been realized had the property been sold at that time. The residuary clause in this will was not an ordinary residuary clause, since it provided that the executor should convert the residue into cash, "taking into consideration the largest returns to be had therefrom." It is to be noted in the decree of 1935 that the court does not say that the residuary legatees shall have no further interest in the corpus of the trust nor does the court by the decree terminate its jurisdiction over the trust and all the parties, but, on the other hand, the court expressly retains jurisdiction of the entire matter including all the parties. Both Knox College and the residuary legatees are beneficiaries, and equity will not permit one beneficiary to benefit to the prejudice of another beneficiary contrary to the intention of the testatrix. The defense of *res judicata* is not applicable, because, as we have held, the effect of the 1935 decree is best found in this paragraph thereof: "The Court further finds that the farm lands above described located in Bureau County, Illinois, constitute the bulk of the assets remaining in said estate, and that they are under cultivation through a tenant, and that there is substantial annual income therefrom, and that it would be in accordance with the apparent intention of the testatrix and would be equitable for the said farm lands, until further order of this Court, to be held and considered as a part of the corpus of the trust set up in said will, and that until such time as said lands are sold pursuant to an order of this Court, the net income of said farm and of the other assets herein found to be a part of the corpus of the trust should be paid annually to the

Treasurer of Knox College to be considered as income of the trust, and to be used by said college as income, as aforesaid, according to the terms of the twelfth paragraph of said will."

We, therefore, hold that the action of the Appellate Court in reversing the chancellor and directing the chancellor to enter a decree directing the trustee to turn over the entire proceeds to Knox Collgee should be reversed.

The next question for consideration is the accounting for the reasonable interest on the trust fund of $50,000 from the death of the testatrix until the 1948 decree. We do not believe that the trial court was authorized, under equitable principles, to require Knox College to refund the sum of $9191.65. While it is true that all that the testatrix intended was that the $50,000 trust fund be established, and that it be invested and the interest therefrom be turned over to Knox College, it is likewise true that it was impossible to do this. The court, therefore, by its decree intended that Knox College should receive the income from the property until the farm land was sold and as stated therein it was, "to be considered as income of the trust, and to be used by said college as income." This income could have been more or less than reasonable interest on $50,000. Knox College being a charitable corporation and having acted in good faith in spending said income for charitable purposes should, under equitable principles, be permitted to retain the income which it has received. We, therefore, feel that the action of the chancellor in directing Knox College to refund the amount of $9191.65 was improper.

For the reasons stated in this opinion, the judgment of the Appellate Court is reversed in part and affirmed in part, and the cause is remanded to the circuit court of Bureau County, with directions to enter a decree accelerating the trust and directing the trustee to pay unto the trustees of Knox College the sum of $50,000, plus the net

income from said farm lands and the other assets of the trust until the date said premises were sold, and that the remaining funds in his hands be distributed to the residuary legatees as determined by that court after the payment of all court costs and the expenses and fees of the trustee.

*Affirmed in part and reversed in part, and remanded.*