In the Matter of Estate of Annie Salt, Incompetent. J. Glen Jacobs, Administrator of Estate of Annie Salt, Deceased, Appellee, v. Florence Olson, Appellant.

Gen. No. 45,653.

Opinion filed April 30, 1952. Released for publication May 20, 1952.

ANTHONY A. SLAKIS, of Chicago, for appellant; THOMAS J. FINNEGAN, of Chicago, of counsel.

LOUIS J. VICTOR, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

J. Glen Jacobs, conservator of the estate of Annie Salt, incompetent, filed a petition in the probate court of Cook county alleging that Florence Olson, a daughter of the incompetent, has in her possession about $3,000 in cash and certain U. S. Government bonds, and sundry other papers and documents belonging to the incompetent which Florence Olson wrongfully refuses to deliver to the conservator. While this proceeding was pending Annie Salt died and her con-

servator was appointed administrator. For convenience the administrator will hereafter be designated as the petitioner and Florence Olson as the respondent.

In accordance with the prayer of the petition a citation was issued and served upon respondent. After a hearing the court found that respondent has in her possession cash in the sum of $2,873.27 and certain bonds, stock certificates and checks. The order directed respondent to deliver the cash and other property to petitioner within twenty days.

Respondent appealed to the circuit court where the cause was tried *de novo* and resulted in an order directing respondent to deliver to petitioner the sum of $2,873.27 and accrued interest, and a promissory note for the sum of $2,000 executed by John W. Salt and Eva B. Salt, payable one year after date to Annie Salt or Florence Olson. The order also decreed that the appeal of respondent from the probate court be dismissed with costs taxed against respondent.

The petition filed in the probate court makes no specific reference to the $2,000 note executed by the Salts, nor was that issue raised, argued, or determined in the probate court proceedings.

On a trial *de novo* the circuit court stood in the shoes of the probate court. It had the same jurisdiction on the trial *de novo* and was clothed with the same powers as the probate court. *Estate of Johnson v. Kilpatrick,* 250 Ill. App. 416. So far as the record shows petitioner did not amend his claim in the circuit court to include the $2,000 note. But even so an amended claim may not raise a new cause of action not presented in the probate court. *Cairo Meal & Cake Co. v. Estate of Brigham,* 268 Ill. App. 510. A trial *de novo* must be limited to the issues tried in the court from which the appeal is taken. Such a trial cannot extend to other issues not before or passed upon by the court in which the original trial was had. *Bley v.*

*Luebeck,* 377 Ill. 50. The record shows that respondent, having possession of the $2,000 note, had a judgment entered on it in the municipal court of Chicago. Once becoming merged in the judgment no further action at law or suit in equity can be maintained on the note. See *Doerr v. Schmitt,* 375 Ill. 470. Under these circumstances the order directing respondent to deliver the note to the petitioner is a nullity.

The record also shows that Laverne Moffett, manager of the savings department at the South Chicago Savings Bank since 1945, was called by respondent to rebut evidence offered by petitioner tending to prove that the funds on deposit in that bank belong solely to Annie Salt and were wrongfully withdrawn by respondent. Respondent offered to prove by the witness Moffett that contracts by the bank with its depositors were kept in his custody and control and under his supervision; that Annie Salt and respondent and the bank executed a joint tenancy contract on the bank's standard form of contract which provided in substance that all moneys deposited in the account of Annie Salt and respondent shall belong to them "in joint tenancy with the right of survivorship"; that the original contract was lost or destroyed; that there was no duplicate copy; that Moffett made a diligent search for the contract but was unable to locate it; that he had an independent recollection of the contents of the contract; that it bore the signatures of Annie Salt and respondent; that it was executed about April, 1937; and that the witness last saw the contract in December 1948.

██ On petitioner's motion, the trial court rejected respondent's offer of proof. Petitioner says that the offer of proof was properly refused because Moffett testified that prior to 1945 one Frank Borg was in charge of the bank records. We think this contention is without merit for the reason that Moffett testified he was familiar with the signatures of Annie Salt and

Florence Olson; and that he actually saw the contract and had an independent recollection of its contents. In our view a proper foundation was laid for the admission of Moffett's testimony as secondary evidence and the trial court erred in sustaining petitioner's objection to respondent's offer of proof.

For the reasons stated, the order is reversed and the cause is remanded for a new trial.

*Reversed and remanded for a new trial.*

KILEY, P. J. and FEINBERG, J., concur.