In the Matter of the Estate of Grace R. Comiskey, Deceased.
Charles A. Comiskey, Petitioner-Appellant, v.
Dorothy C. Rigney, Respondent-Appellee.

Gen. No. 47,855.

First District, Third Division.

January 29, 1960.

Released for publication March 4, 1960.

Lucas and Thomas, Charles A. Thomas, and Jack Arnold Welfeld, all of Chicago, for petitioner-appellant.

Kirkland, Ellis, Hodson, Chaffetz, and Masters, and Roy J. Egan (Howard Ellis, Bartlett S. Marimon, Don H. Reuben, and Clarke C. Robinson, of counsel) for respondent-appellee.

JUSTICE BURKE delivered the opinion of the court.

This is an appeal from the Circuit Court of two cases appealed to that court from the Probate Court. In the Probate Court Charles A. Comiskey filed his petition seeking, among other things, to restrain his sister, Dorothy C. Rigney, Executor of their mother's will, from assigning or delivering certain shares of stock held in the residuary estate. He subsequently filed a supplemental petition seeking permission to purchase the shares of stock. The Probate Court entered an order sustaining a motion to strike and dismiss the supplemental petition and denying the petition. In the Probate Court Dorothy filed a motion for the distribution of the shares of stock to her and the motion was granted. Charles appealed to the Circuit Court from both orders, which were consolidated for hearing. In that court he filed an amended petition. The Circuit Court sustained Dorothy's motion to strike and dismiss the amended petition and granted her motion for distribution of the stock to her. Charles asks that the order of the Circuit Court be reversed and that the cause be remanded with directions to overrule Dorothy's motion to strike and dismiss.

Upon the death of Grace R. Comiskey the American League Baseball Club of Chicago, an Illinois corporation, had 7450 shares of stock outstanding. Its ownership was divided as follows:

| | | |
|---|---|---|
| Dorothy C. Rigney | 1694 | shares |
| Grace R. Comiskey as successor trustee for Charles A. Comiskey under will of J. Louis Comiskey | 564⅔ | " |
| Grace R. Comiskey | 4062 | " |
| Charles A. Comiskey | 1129⅓ | " |

At the time of the filing of appellant's two petitions 1480 shares of the 4062 shares owned by Mrs. Grace Comiskey at her death had been sold by the estate to the corporation with the consent of the Probate Court, to make available money to pay death taxes, funeral expenses and expenses of administration. The estate at the time of the petition and supplemental petition held 2582 shares of stock. By virtue of the will (if an additional sale of stock was not needed for taxes) the estate's stock would be distributed as follows: To Dorothy pursuant to Article Three of the Will, 500 shares; to Dorothy as residuary beneficiary, 1041 shares; to Charles as residuary beneficiary 1041 shares. Upon this distribution Dorothy would have 3235 shares or 54%, and Charles would have 2735 shares or 46%.

On the petition of Charles the Probate Court ordered partial distribution to him of all the stock he was entitled to receive pursuant to the will. On appeal by the executor the Circuit Court found that Charles was entitled to forthwith receive all of the estate's stock distributable to him under the will.

██ Charles asserts that he is not seeking specific performance of a contract with his sister but insists that the court should have applied the family settlement doctrine in arriving at its judgment. He concedes that the Probate Court is without jurisdiction to grant

201

specific performance of contracts or to exercise the jurisdiction of courts of equity. He says that in the exercise of their jurisdiction probate courts invoke equitable principles, one of which is the family settlement doctrine, and in arriving at its judgment the court should have, but did not, apply that doctrine. On appeal the Circuit Court has the same jurisdiction and is clothed with the same powers as the Probate Court. In re Estate of Salt, 346 Ill. App. 546, 548. He states that his petition alleges that an option was given by his sister, supported by a consideration running to her giving him the right to purchase the stock, that the option was improperly withdrawn by her and that under the family settlement doctrine the court should have enforced the terms of the option by directing the sale of the stock to him. He says that under Section 209 of the Probate Act the court has power to order that the shares of stock be sold. This section provides the legal machinery for making an estate sufficiently liquid to meet its obligations and make a proper and equitable distribution. The section gives the Probate Court authority to order a sale of assets when necessary to pay debts or when necessary because the decedent's property is not otherwise divisible in accordance with the will. It is manifest that in the instant case a sale is unnecessary for either purpose. The debts have been provided for and distribution in kind can be accomplished pursuant to the will. Therefore, there was no reason for the court to withhold distribution in kind to Dorothy.

██ The order entered is supported by the cases which hold that when, as here, debts are paid and no inequality will result in the event of an in kind distribution, a beneficiary has the election to receive the very assets willed to him. Baptist Female University v. Borden, 132 N. C. 476, 44 S. E. 47, 56; In re Vernon's Estate, 74 Atl. 236, 237 (Pa.); Kromer v. Koepge, 118 F. Supp. 571, 577–78 (N. D. Ohio); In re Schmitt's Es-

tate, 37 N.Y.S.2d 15, 18–19; In re McKay's Will, 163 N.Y.S.2d 91–94. Furthermore it would be inequitable for the court to order distribution to Charles and refuse distribution to Dorothy. All beneficiaries in a particular class are entitled to equal treatment. In re James' Estate, 65 N.Y.S.2d 756, 764–765; Mead v. Garrison, 406 Ill. 269; Glover v. Patten, 165 U. S. 394.

■ ■ Section 209 of the Probate Act expressly requires distribution in kind whenever the bequest is specific and is not needed for the payment of debts. The fact that the bequest involving the 1041 shares is a residuary bequest does not preclude it from also being specific in nature. A reading of Mrs. Grace Comiskey's will shows that she intended the residuary bequest to Dorothy to be specific. At the time of her death Mrs. Comiskey was aware that Dorothy then owned 1694 shares of stock. In her will she made a bequest to Dorothy of 500 shares that Charles admits was specific. In view of Dorothy's holdings and the bequest to her of 500 shares, the mother must have intended that Dorothy receive her residuary bequest in kind, which in the light of the inventory would be in stock. Reading the residuary bequest in any other way would leave Dorothy with no more than a 30% interest in the stock, and with stock control of the club speculative, depending upon who would buy her 1041 shares from the estate.

Charles argues that the court did not follow equitable principles in arriving at its judgment and infers that there was an abuse of discretion. He relies upon allegations that on December 3, 1958, an offer of Dorothy for the sale of the stock had been submitted to his attorneys, that at no time was he informed that there was a time limit on the offer, that he relied upon the assurance that he would be given an opportunity to meet any firm offer made by a third person, that on December 11, 1958, Dorothy withdrew

203

her offer without explanation and that at no time was he informed of the terms of any offer received by her or given the opportunity to meet such offer. The petition does not unequivocally allege that Dorothy gave any firm option to anyone. The petition describes the course of dealings between the parties as a series of "negotiations." Extensions in this court and continuances in the trial courts were to give additional opportunity to settle and not as consideration for any option.

We are convinced that the case was correctly decided. Therefore the order of the Circuit Court of Cook County is affirmed.

Order affirmed.

BRYANT, P. J. and FRIEND, J., concur.